IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATANYA N. SHARMA,<br><br>  Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant._____/ | No. C 07-4906 MEJ<br><br>**ORDER DENYING PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**ORDER REMANDING FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS ORDER** |

## I.  INTRODUCTION

Plaintiff Latanya N. Sharma ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Defendant") final decision denying her claim for disability insurance benefits.  Pending before the Court are the parties' cross-motions for summary judgment.  Having read and considered the parties' papers, the administrative record below, and the relevant legal authority, the Court hereby DENIES the parties cross-motions for summary judgment, and REMANDS for further proceedings as set forth below.

## II.  BACKGROUND

**A.  Procedural Background**

On December 16, 2004, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on September 2, 2004, which she later amended to September 2, 2003. (AR 95-97, 115-19, 120-22.)  She was 28 years old when she filed her application.  On June 24, 2005, the Social Security Administration initially denied her application, (AR 49-53), and upheld its

denial upon reconsideration. (AR 55-59.) On February 12, 2007, following a hearing at which Plaintiff, her lawyer, her father, and David West, M.D., the testifying medical expert, appeared, Administrative Law Judge ("ALJ") Robert P. Wenten found that Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act. (AR 31-40.) ALJ Wenten's decision became the final decision of the Commissioner when the Appeals Council declined to review it on July 23, 2007 (AR 20-22.)

**B.   Summary of Medical History**

The Court finds that ALJ Wenten fairly and accurately summarized the facts of this case in his decision. (AR 31-40.) Accordingly, the Court shall not provide a separate summary of medical history, and shall only discuss specific facts that serve to illustrate or illuminate an issue.

**C.   The ALJ's Findings**

The regulations promulgated by the Commissioner of Social Security provide for a five-step sequential analysis to determine whether a Social Security claimant is disabled. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The sequential inquiry is terminated when a question is answered affirmatively or negatively in such a way that a decision can be made that the claimant is or is not disabled. *Pitzer v. Sullivan*, 908 F.2d 502, 504 (9th Cir 1990).

The ALJ must first determine whether the claimant is performing "substantial gainful activity," which would mandate that the claimant be found not disabled regardless of medical condition, age, education, and work experience. 20 C.F.R. § 404.1520(b). Here, ALJ Wenten determined that Plaintiff has not engaged in substantial gainful activity since September 2, 2003, the amended alleged onset date. (AR 33.)

At step two, the ALJ must determine, based on medical findings, whether the claimant has a "severe" impairment or combination of impairments as defined by the Social Security Act.[1] If no

---

[1] At step two, "severe" means any impairment or combination of impairments that significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). This is a de minimis inquiry designed to weed out nonmeritorious claims at an early stage in the analysis. *Bowen v. Yuckert*, 482 U.S. 137, 148, 153-4 (1987). "[O]nly those claimants with slight abnormalities that do not significantly limit any basic work activity can be denied benefits" at step two of the analysis. *Id.* at 158.

2

severe impairment is found, the claimant is not disabled. 20 C.F.R. § 404.1520(c). Here, ALJ Wenten determined that the evidence established severe depression and myofascial pain syndrome. (AR 34.)

If the ALJ determines that the claimant has a severe impairment, the process proceeds to the third step, where the ALJ must determine whether the claimant has an impairment or combination of impairments which meets or equals an impairment in the Listing of Impairments. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404, Subpt P, App. 1. If a claimant's impairment either meets the listed criteria for the diagnosis or is medically equivalent to the criteria of the diagnosis, he is conclusively presumed to be disabled. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993). Here, ALJ Wenten determined that Plaintiff's impairments did not meet the criteria, finding that her activities of daily living and social functioning are at most mildly impaired. (AR 34.)

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's Residual Functional Capacity ("RFC")[2] is sufficient for the claimant to perform past relevant work. 20 C.F.R. § 404.1520(e). Residual functioning capacity refers to what an individual can still do in a work setting, despite limitations caused by medically determinable impairments. 20 C.F.R. § 416.945(a). Here, ALJ Wenten determined that Plaintiff has the RFC to perform a wide range of sedentary level work, with the ability to sit for six hours in an eight-hour work day and lift up to ten pounds at a time, with occasional lifting or carrying of smaller articles. The ALJ also determined that Plaintiff's mental RFC is consistent with a wide range of work activity. (AR 34.)

In the fifth step of the analysis, the burden shifts to the ALJ to prove that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with the medically determinable impairments and symptoms, functional limitations, age, education, work experience and skills. Here, ALJ Wenten determined that Plaintiff is capable of performing past relevant work as a secretary. (AR 39.)

---

[2] "Residual functional capacity" or "RFC" refers to the claimant's maximum sustained work capacity for sedentary, light, medium, heavy, or very heavy work. In assessing an individual's RFC, the ALJ must consider his or her symptoms (including pain), signs and laboratory findings, together with other evidence. 20 C.F.R. § 404, Subpt. P, App.2 § 200.00(c).

### III. LEGAL STANDARD

This Court has limited jurisdiction in reviewing the ALJ's decision. The Court may overturn a decision to deny benefits only if it is not supported by substantial evidence or if the decision is based on legal error. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Determinations of credibility, resolution of conflicts in medical testimony, and all other ambiguities are to be resolved by the ALJ. *Id.* Further, this Court must uphold the ALJ's decision where the evidence is "susceptible to more than one rational interpretation." *Id.* at 1040. If there is evidence in the record as a whole to support the Secretary's findings, then the conclusion must be affirmed. *Cox v. Califano*, 587 F.2d 988, 989-90 (9th Cir. 1978).

The ALJ's findings, however, must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). The Court must weigh "both the evidence that supports and detracts from the [ALJ]'s conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). In addition, the ALJ is responsible for ensuring that the evidence is carefully considered and that the proceeding is fairly conducted. *Singer v. Weinberger*, 513 F.2d 176, 178 (9th Cir. 1975).

### IV. DISCUSSION

In her motion for summary judgment, Plaintiff argues that ALJ Wenten committed legal error in his assessment of Plaintiff's RFC by: (1) failing to properly assess her credibility and give her statements and testimony full credit; (2) failing to perform a function-by-function assessment and comply with the Commissioner's "narrative discussion requirements" when assessing Plaintiff's RFC; and (3) failing to consider the lay witness testimony of Ernest Gaines, Plaintiff's father. Plaintiff further argues that this Court should remand simply for the payment of benefits rather than for further administrative proceedings.

In response, Defendant argues that ALJ Wenten properly found that Plaintiff was not fully credible in her subjective claims that her myofascial pain syndrome and mild depression prevented

4

1  her from engaging in substantial gainful activity.  Defendant further argues that the ALJ justifiably
2  dismissed Mr. Gaines' testimony as adding little to the analysis because it was consistent with his
3  daughter's testimony.  Finally, Defendant argues that the ALJ justifiably found Plaintiff had only
4  mild limitations in the four broad areas of functioning; therefore, she was capable of performing past
5  jobs.

6  Under the Commissioner's five-step analysis, the parties appear to be in agreement with
7  respect to the first two steps - Plaintiff has not engaged in substantial gainful activity since
8  September 2, 2003, and she suffers from myofascial pain syndrome and severe depression.  (AR 33-
9  34.)  The parties' dispute centers around the final three steps of the analysis.

10 **A.        Whether ALJ Wenten Properly Discounted Plaintiff's Subjective Claims**

11 Although ALJ Wenten found that Plaintiff suffers from myofascial pain syndrome and severe
12 depression, (AR 34), he determined that her statements concerning the intensity, persistence, and
13 limiting effects of her alleged symptoms "are not entirely credible."  (AR 35.)  Plaintiff argues that
14 ALJ Wenten failed to provide any clearly stated reasons for discrediting Plaintiff's subjective
15 complaints.

16 A two step analysis applies at the administrative level when considering a claimant's
17 subjective credibility regarding her pain symptoms.  *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.
18 1996).  First, the claimant must produce objective medical evidence of an impairment and show that
19 the impairment could reasonably be expected to produce some degree of pain.  SSR 96-7p.  Once the
20 claimant meets this burden, the second step of the analysis requires the ALJ to evaluate the intensity,
21 persistence, and limiting effects of the claimant's pain to determine the extent to which the
22 symptoms limit Plaintiff's capacity for work.  *Id*.  However, "[w]henever the individual's statements
23 about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not
24 substantiated by objective medical evidence, the adjudicator must make a finding on the credibility
25 of the individual's statements based on a consideration of the entire case record."  SSR 96-7.

26 "Pain is subjective in both existence and degree."  *Johnson v. Shalala*, 60 F.3d 1428, 1433
27 (9th Cir. 1995) (citing *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989)).  "Yet despite the inability

28

to measure it objectively, it can have 'severe debilitating effects' - even to the point of disabling a person who does not meet or equal the impairments listed in Appendix 1 and who would not objectively be expected to experience pain to the degree subjectively expressed." *Johnson*, 60 F.3d at 1433 (citing 20 C.F.R. § 404.1545(e) ("pain or other symptoms may cause a limitation of function beyond ... the anatomical, physiological or psychological abnormalities considered alone")). Thus, the ALJ cannot discount a claim of "excess pain" without making "specific findings justifying that decision." *Id.* (citing *Fair*, 885 F.2d at 602). "These findings must be supported by clear and convincing reasons why the claimant's testimony of excess pain was not credible, and must be supported by substantial evidence in the record as a whole." *Id.* Such specificity is crucial so as to enable effective judicial review. *See Mersman v. Halter,* 161 F. Supp. 2d 1078, 1086 (N.D. Cal. 2001) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence"); SSR 96-7p (the ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight"). Where the ALJ "has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record," courts must not engage in second-guessing. *Fair v. Bowen*, 885 F.2d at 604.

Here, ALJ Wenten properly found that the Plaintiff had some pain caused by documented medical diagnoses. (AR 35). He considered Plaintiff's subjective complaints of pain, including how her alleged pain affects her ability to perform most basic functions as well as how her psychological impairments interfere with her concentration, memory, and focus. (AR 34.) In addition, he accounted for Plaintiff's reports that her pain caused difficulty combing her hair, fixing meals, bathing, and performing any other activity requiring her to elevate her hands and arms. *Id.* In considering these subjective complaints, he found that "the claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms…." (AR 35.) While the ALJ "[did] not doubt [Plaintiff's] allegations of pain" and found that "her doctors have not doubted her, either," (AR 39), he found "that [Plaintiff's] statements concerning the intensity,

1  persistence and limiting effects of these symptoms are not entirely credible." (AR 35.) Such a
2  finding required the ALJ to present clear and convincing reasons for not relying on Plaintiff's
3  subjective complaints of pain. *Johnson*, 60 F.3d at 1433.

4  Upon review of the record, the Court is inclined to agree that there is substantial evidence to
5  support the ALJ's finding that Plaintiff's subjective pain testimony is "questionable" and, thus, may
6  be discredited. However, in discrediting Platintiff's subjective complaints of pain, ALJ Wenten
7  failed to present clear and convincing reasons for not relying on it. "General findings are
8  insufficient; rather, the ALJ must identify what testimony is not credible and what evidence
9  undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995) (citations
10 omitted). ALJ Wenten found that Plaintiff's medically determinable impairments "could reasonably
11 be expected to produce some of the alleged symptoms, but that [her] statements concerning the
12 intensity, persistence and limiting effects of these symptoms [were] not entirely credible." (AR 35.)
13 He also found that Plaintiff's doctors "have not been able to really pinpoint with specificity what the
14 problem might be." (AR 39). However, while the medical record may lacks objective evidence
15 supporting Plaintiff's subjective degree of excess pain, such pain allegations may not be disregarded
16 solely because they are not fully supported by the objective medical evidence. *Bunnell v. Sullivan*,
17 947 F.2d 341, 345-346; 20 C.F.R 404.1529(c)(2); 416.929(c)(2).

18 In his opposition to Plaintiff's motion, Defendant provides several "inferences" he draws
19 from the ALJ's opinion to support his argument that the ALJ met this standard. However, this Court
20 may not make independent findings regarding Plaintiff's credibility. *Connett v. Barnhart*, 340 F.3d
21 871, 873 (9th Cir. 2003). In *Connett*, the court held that district courts are "constrained to review
22 the reasons the ALJ asserts" and "[i]t was error for the district court to affirm the ALJ's credibility
23 decision based on evidence that the ALJ did not discuss." *Id.* at 874. Here, while Defendant argues
24 that the Court can use the ALJ's summary of the facts to infer reasons why the ALJ discredited
25 Plaintiff's subjective pain complaints, the Court is constrained to review the reasons asserted by ALJ
26 Wenten.

27 In making his argument regarding inferences the Court may draw, Defendant relies on

28

7

*Magallanes v. Bowen*, 881 F.2d 747 (9th Cir. 1989). In *Magallanes,* the court stated that reviewing courts "are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Id.* at 755. However, the court found the ALJ met the legal standard not only because he "summarized the facts," but also because he stated his interpretation of the facts. *Id.* Such an interpretation is lacking from ALJ Wenten's opinion. Further, the language relied on by Defendant was used by the court to analyze the ALJ's rejection of medical testimony rather than the claimant's subjective pain testimony. *Id.* Moreover, when the *Magallanes* court did consider the plaintiff's subjective complaints, it held the ALJ "must . . . make a specific and justifiable finding that the claimant's testimony is not credible." *Id.* (citations omitted). Accordingly, the Court finds that the language in *Magallanes* cited by Defendant is distinguishable from the present case.

Based on this analysis, the Court finds that ALJ Wenten erred in failing to make specific findings justifying his decision to discredit Plaintiff's subjective complaints of pain.

**B.      Whether ALJ Wenten Properly Assessed Plaintiff's Residual Functional Capacity**

ALJ Wenten found that Plaintiff has the RFC to perform a wide range of sedentary level work. (AR 34.) Plaintiff first argues that the ALJ committed legal error because he stated Plaintiff's RFC initially in the form of a general exertion category ("sedentary") rather than as a function-by-function assessment. Second, Plaintiff argues that, in his failure to perform a function-by-function assessment, he omitted an evaluation of Plaintiff's exertional and nonexertional capacities. Plaintiff's third argument is that ALJ Wenten provided no insight into his reasoning as to how or why he reached the conclusion that she has a mental RFC consistent with a wide range of work activity. Finally, Plaintiff argues that the ALJ failed to analyze the evidence of record in relation to her ability to function on a sustained basis.

The RFC assessment describes an adjudicator's finding about the ability of a claimant to perform work-related activities. SSR 96-5p. The ALJ has the responsibility to make findings of fact concerning a claimant's RFC based on an assessment primarily made by a medical source. 20 C.F.R. §§ 404.1526, 416.946. In addition, the ALJ must consider all of the relevant evidence, including medical records, lay evidence, and "'the effects of symptoms, including pain, that are

reasonably attributed to a medically determinable impairment.'" *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (quoting SSR 96-8p).

The RFC requires the ALJ to consider a claimant's ability to meet certain job demands, such as physical demands, mental demands, sensory requirements, and other functions. 20 C.F.R. §§ 404.1545(a), 416.945(a). This requires an assessment of the claimant's exertional limitations (sitting, standing, walking, lifting and carrying abilities) and non-exertional limitations (postural and manipulative abilities and mental capacity). SSR 96-8p. Social Security Ruling 96-8p requires the RFC to identify a claimant's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis. This includes the functions related to the claimant's physical abilities, mental abilities, and any other abilities affected by the claimant's impairment or impairments. 20 C.F.R. §§ 404.1545(b)-(d); 416.945(b)-(d). Pursuant to the narrative discussion requirement provided in SSR 96-8, the RFC assessment must contain a "thorough discussion and analysis" of the objective medical and other evidence, including pain, and a "logical explanation of the effects of these symptoms on the individual's ability to work." SSR 96-8.

Here, while ALJ Wenten found that Plaintiff had an RFC to perform a wide range of sedentary level work and a mental RFC that is consistent with a wide range of work activity, (AR 34), the Court finds that he has failed to provide a thorough discussion and analysis of the objective medical and other evidence, including pain, and a logical explanation of the effects of these symptoms on Plaintiff's ability to work, as required under SSR 96-8. In fact, it does not appear that ALJ Wenten considered SSR 96-8 in his opinion.

To support his RFC assessment, ALJ Wenten found that Plaintiff could sit for 6 hours in an 8 hour work day and lift up to 10 lbs at a time, with occasional lifting or carrying of smaller articles. (AR 34.) He also stated that Plaintiff's mental RFC is consistent with a wide range of work activity. *Id*. ALJ Wenten stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." *Id*. However, he fails to provide any meaningful explanation with which to assess the legitimacy of this finding. *See, e.g.,*

1  *Robbins*, 466 F.3d at 884 ("even if the ALJ had given facially legitimate reasons for his partial
2  adverse credibility finding, the complete lack of meaningful explanation gives this court nothing
3  with which to assess its legitimacy.")

4  In his opinion, ALJ Wenten stated that "[i]n addition to the medical evidence, I have
5  considered the factors set forth in SSR 96-7p to evaluate the claimant's credibility," but found that
6  "[u]ltimately, the claimant's behavior erodes the credibility of her allegations, and she has not
7  persuaded me that she is incapable of sedentary level work.  I therefore conclude that the claimant
8  has the residual functional capacity for at least sedentary work as that term is defined in the Social
9  Security Regulations at 20 CFR 404.1567(a) and 416.967(a)."  (AR 38-39.)  The Court finds that
10 this summary is insufficient to fulfill the function-by-function and narrative requirements under SSR
11 96-8p, and finds it appropriate to remand for further proceedings.

12 **C.      Whether ALJ Wenten Improperly Disregarded Ernest Gaines' Testimony**

13 Ernest Gaines, Plaintiff's father, testified at the hearing about his observations of her
14 behavior and functioning.  (AR 514-17.)  Plaintiff contends that the ALJ dismissed Gaines'
15 testimony, thus harming Plaintiff because his testimony fully supported limitations which were
16 inconsistent with the ALJ's RFC finding and ultimate finding of non-disability.

17 Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into
18 account, unless he or she expressly determines to disregard such testimony and gives reasons
19 germane to each witness for doing so.  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citations
20 omitted).  Where an ALJ has failed to discuss competent lay testimony favorable to the claimant, "a
21 reviewing court cannot consider the error harmless."  *Stout v. Commissioner, Social Sec. Admin.*,
22 454 F.3d 1050, 1056 (9th Cir. 2006).

23 Here, ALJ Wenten considered Gaines' testimony, noting that Gaines testified that he lives
24 with Plaintiff, that he knows she is in pain, and that she lies down most of the time and is only up
25 when it is necessary.  (AR 39.)  However, he stated that "[Gaines'] testimony is consistent with that
26 of his daughter, but adds little to the analysis."  (AR 39).  The Court finds that this statement does
27 not meet the ALJ's burden under *Lewis*.

28

10

In *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), the plaintiff offered testimony of lay witnesses, including her husband and two daughters, as to her physical condition. *Id.* at 918. The ALJ acknowledged that the witnesses descriptions may be accurate, but discounted all of them because they were "'based on the claimant's own assertions,'" and thus, "'the conclusion that the claimant was not credible requires that the testimony and affidavits be rejected.'" *Id.* The court accepted the ALJ's conclusion as to some of the witnesses, whose statements did not explain sufficiently when and to what extent they had the opportunity to observe their mother. *Id.* However, the court noted that some of the lay witnesses "clearly saw her on a frequent basis," and determined that "[t]he testimony of these witnesses could not be so easily disposed of." *Id.* The court held as follows:

> That the ALJ dismissed all the lay witness testimony solely because he found the claimant was not credible suggests he may have been under the mistaken impression that lay witnesses can never make independent observations of the claimant's pain and other symptoms. As the authorities above suggest, that is not the case. An eyewitness can often tell whether someone is suffering or merely malingering. While this is particularly true of witnesses who view the claimant on a daily basis, the testimony of those who see the claimant less often still carries some weight. If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.

*Id.* at 919.

The same is true here, where Plaintiff's father testified that he lives with his daughter and her family. (AR 39.) Thus, if ALJ Wenten wished to discount Gaines' testimony, he should have given a clear reason for dismissing his testimony. The Court finds that his statement, that Gaines' testimony "adds little to the analysis" fails to meet this burden. Moreover, as discussed above, ALJ Wenten failed to present clear and convincing reasons for not relying on Platintiff's subjective complaints of pain. It is unclear how the testimony of Plaintiff's father can add little to the analysis when ALJ Wenten failed to provide a proper analysis of even Plaintiff's testimony. Accordingly, the Court finds that this issue merits further review.

**D.    The Appropriate Remedy is to Remand for Further Proceedings**

11

Having determined that the ALJ's decision fails to properly discount Plaintiff's subjective Claims, fails to properly assess her RFC, and improperly disregards Ernest Gaines' without providing a specific reason, the Court finds that remand for further proceedings is the appropriate remedy.    This Court has the authority to affirm, modify, or reverse the ALJ's decision "with or without remanding the cause for rehearing."  42 U.S.C. § 405(g).  The decision whether to remand for further proceedings or simply to award benefits is within the discretion of the court.  *Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir.1987).  Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision.  *McAllister v. Sullivan,* 888 F.2d 599, 603 (9th Cir.1989).

The Ninth Circuit has held that a court should order benefits when: "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citations omitted).  Here, while it is clear that ALJ Wenten failed to provide legally sufficient reasons for rejecting the evidence, it is not clear that he would be required to find Plaintiff disabled were such evidence credited.  Rather, the Court finds the record as a whole tends to support ALJ Wenten's decision, but he must articulate his reasoning with more specificity and legally sufficient reasoning.  Accordingly, remand is appropriate.

## V.  CONCLUSION

Based on the foregoing analysis, the Court DENIES the parties cross-motions for summary judgment and REMANDS this case for further administrative proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Dated: October 6, 2008

MARIA-ELENA JAMES
United States Magistrate Judge